Petition for Writ of Mandamus Conditionally Granted and Opinion filed
May 18, 2004









Petition for Writ of Mandamus Conditionally Granted
and Opinion filed May 18, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-1272-CV

____________

 

IN RE:
LOWE=S COMPANIES, INC.

and LOWE=S HOME CENTERS, INC., Relators

 

_________________________________________________________________________

 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 

_________________________________________________________________________

 

O P I N I O N

Lowe=s Companies, Inc. and Lowe=s Home Centers, Inc. (collectively, ALowe=s@) seek a writ of mandamus directing
the trial court to vacate its order (the Aorder@) compelling Lowe=s to produce a witness for deposition
and a database used by Lowe=s to Atrend@ accident and injury claims. 
We conditionally grant Lowe=s petition as to production of the
database only.

Background








The
real parties in interest in this proceeding, Rene and Sylvia Moreno (the AMorenos@), sued Lowe=s for injuries Rene suffered when he
was allegedly struck by a falling sink that had been dislodged from an upper
shelf of a Lowe=s store by a Lowe=s employee.  During a deposition, a Lowe=s representative, Margaret Dagner,
was instructed by counsel not to answer questions concerning a database (the Adatabase@) Lowe=s uses to compile information on
accidents and injuries occurring in its stores. 
The Morenos filed a motion (the Amotion@) to compel Lowe=s to produce, and Dagner to testify
about, the database at a further deposition. 
In addition to ordering this deposition, the order provides:

Ms. Dagner is ordered to bring with her a computer or
have access at the time of her deposition to a computer that is capable of
logging onto the database and capable of searching, sorting and printing the
data on the computer as requested by Plaintiff=s counsel
in the deposition.  Such data that is
requested for printing should be limited to data of accidents prior to the
accident made the basis of this suit and should be limited to accidents
involving reports of customers injured due to falling merchandise.

 

Lowe=s three mandamus issues challenge the
order on the grounds that: (1) Lowe=s had already produced to the Morenos
a printout from the database that identified all of the falling merchandise
claims from all of Lowe=s Texas stores for the five years preceding the accident in
this case; (2) further information from, and testimony about, the database is
not relevant to the claims in this case or within the proper scope of discovery
for them because it contains thousands of accident claims of all kinds and
without a time or geographic limitation; (3) the manner in which Lowe=s gathers information concerning
accidents in its stores is a trade secret; (4) the database was not used for
safety-related purposes before the accident in this case; (5) once access is
gained to the database, there is no method to restrict access to privileged or
non-relevant information; (6) the database was never requested by the Morenos
before filing the motion to compel, and a document request cannot properly be
made for the first time in a motion to compel; and (7) without a previous
request for the information, it was improper for the trial court to order its
production as a sanction.[1]

 








                                                                    Deposition

At
the deposition, Lowe=s counsel instructed Dagner not to answer questions about the
database on the grounds of relevance and protection of trade secrets.  With other exceptions not raised in this
case, an attorney may instruct a witness not to answer a question during an
oral deposition only if it is necessary to preserve a privilege, or otherwise
comply with the Texas Rules of Civil Procedure (ATRCP@). 
Tex. R. Civ. P. 199.5(f).  While relevance is thus not a valid ground
for instructing a witness not to answer a deposition question, a trade secret
is privileged[2]
and therefore can be such a ground. 
Moreover, mandamus relief is appropriate from an order that improperly
requires disclosure of a trade secret.  See
In re Bass, 113 S.W.3d 735, 737 (Tex. 2003).

However,
where a hearing is held on a claim of privilege, including trade secrets, the
party asserting it must present sufficient evidence to support it.  Tex.
R. Civ. P. 199.6; Bass, 113 S.W.3d at 737.  Trade secrets include information used in a
business that presents an opportunity to obtain an advantage over competitors
who do not know, or use, it.  Id.
at 739.  Factors relevant to determining
whether a trade secret exists include: (1) the extent to which the information
is known outside the party=s business; (2) the extent to which it is known by employees
and others within the business; (3) the extent of measures taken by the party
to guard the secrecy of the information; (4) the value of the information to
the business and its competitors; (5) the amount of effort or money expended to
develop the information; and (6) the ease or difficulty with which the
information could be properly acquired or duplicated by others.  Id.








In
this case, Lowe=s initial response to the motion cited no authority, and
provided no evidence, to support its claim for a trade secret privilege with
regard to the deposition testimony, but merely stated, A[Lowe=s] would assert that the manner and
method by which [it] gathers its information concerning incidents in stores is
a valuable asset to Lowe=s and one which is not utilized industry wide.@ 
After the trial court entered an order granting the motion, Lowe=s filed a motion for reconsideration
which also failed to cite any such authority, but did provide an affidavit from
a claims manager for Lowe=s.  In support of the
trade secret privilege, the affidavit stated only:

This database . . . and the methods by which Lowe=s Companies, Inc. uses [it] are valuable proprietary
interests of [Lowe=s] and one which [Lowe=s]
considers to be trade secrets.  It is
[Lowe=s] belief that such is not utilized industry-wide and
thus it is an asset [Lowe=s] does not desire to be available to the public
and/or its competitors.

 

Although the
factors, enumerated above, for determining the existence of a trade secret are
not necessarily exclusive,[3]
Lowe=s has cited no authority that a party=s (or even expert=s) conclusory opinion that
information is a trade secret or is not used industry-wide, or a party=s mere desire to avoid disclosing
information to others, is sufficient to establish the privilege.  Nor would there appear to be any rationale
for adopting such a position as it would seemingly allow the privilege to
extend to almost any internal company records. 
Without evidence establishing any of the conventional trade secret
factors with regard to the database, Lowe=s has failed to demonstrate that the
trial court erred in overruling its trade secret objection to providing
deposition testimony on the creation and use of the database.  Accordingly, Lowe=s first issue is overruled.

Production of Database








Lowe=s primarily challenges the order to
produce the database: (1) as being overbroad with regard to the time period,
geographic area, and subject matter of the information contained within it; and
(2) in that the Morenos had not made a request for production of the database
before filing a motion to compel its production.  An order that compels overly broad discovery
is an abuse of discretion for which mandamus is the proper remedy.  Dillard Dep=t Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995).[4]  Because discovery is limited to matters that
are relevant to the case, requests for information that are not reasonably
tailored as to time, place, or subject matter amount to impermissible Afishing expeditions.@ 
See In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003); Texaco,
Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995).  Discovery orders have thus been held overbroad
for requiring, among other things: (1) production of all incident reports for a
five-year period from all 227 Dillard stores nationwide;[5]
and (2) interrogatory answers describing any criminal conduct occurring at a
particular store location for seven years and similar crimes at stores
nationwide for ten years.[6]

In this case, the order requires Lowe=s to
bring to Dagner=s
deposition either: (1) the database and application necessary to search, sort,
and print data from it; or (2) computer access to the database that would
enable searching, sorting, and printing data from it as requested by the
Morenos= counsel
at the deposition.  Data that may be so
requested for printing is limited to accidents prior to the one made the basis
of this suit and those involving reports of customers injured due to falling
merchandise.  Based on the foregoing
authorities, we conclude that the order is overbroad to the extent it allows
the Morenos to: (1) access (even if not print) data without any limitation as
to time, place, or subject matter; and (2) print data concerning falling
merchandise accidents for an unlimited period preceding the accident in this
case and for an unlimited geographic area.








Because this conclusion warrants mandamus relief,
directing the trial court to vacate the portion of the order compelling production of the database, we conditionally
grant Lowe=s petition to that extent and
need not address its other challenges to this portion of the order.[7]  A writ will be issued only if necessary to
effect compliance with this opinion.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed May 18, 2004.

Panel consists of
Justices Edelman, Frost, and Guzman.

 

 











[1]           To the
extent the order can be read to require a witness, during a deposition, to not
only provide testimony but also perform tasks, i.e., searches of the
database as requested by the Morenos=
counsel, Lowe=s has not challenged, and we do not address, that
aspect of the order.





[2]           See
Tex. R. Evid. 507.





[3]           See
Bass, 113 S.W.3d at 740.





[4]           We
have found no opinions in which the Texas Supreme Court has concluded that an
adequate remedy exists on appeal for an overly broad discovery order.





[5]           See
Dillard, 909 S.W.2d at 492.





[6]           See
K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431-32 (Tex. 1996).





[7]           However, in the
hope that it will reduce any further delay and dispute over this matter, we will briefly discuss Lowe=s challenge to being compelled to
produce the database on the ground that it had not previously been requested.

As applicable to this portion of the
order, an essential prerequisite to filing a motion to compel production (or
for sanctions) is that another party has failed to permit discovery as
requested in response to a request submitted under TRCP 196.  See Tex.
R. Civ. P. 215.1(b)(3)(D).  It
logically follows that a party cannot be compelled to produce (or sanctioned
for failing to produce) that which it has not been requested to produce.

A request for production must specify
the items to be produced, describing each item or category with reasonable
particularity.  See Tex. R. Civ. P. 196.1(b).   In addition, to obtain discovery of
information that exists in electronic form, the requesting party must
specifically request production of electronic data and specify the form in
which it is to be produced.  Tex. R. Civ. P. 196.4.

In this
case, the Morenos claim that the database was within the scope of their
document request (the Arequest@) for all
documents that Aidentify other claims by customers who claim to have
been injured as a result of falling products from [Lowe=s] shelves. . . . [including] pleadings in other suits
against [Lowe=s] and other customer complaints or incident or
accident reports prepared by [Lowe=s].@  However, our
record does not reflect, and the Morenos do not contend, that they specifically
requested electronic data in connection with this set of document
requests.  Moreover, to the extent the
database contains, or is capable of producing, quantitative or qualitative Atrending@
analysis of the accident data ( i.e., beyond mere descriptive entries on
each accident), any such information is beyond what was specified with
reasonable particularity in the request, but would nevertheless seem to fall
within the scope of what the order requires to be produced.